WARNER, J.
In the final judgment of divorce entered on March 27, 2001, the court provided that each party should bear his or her own attorney’s fees except for $1,000 assessed against the husband in connection with the husband’s failure to attend ordered mediation and respond to discovery. The final judgment was not appealed. Instead, on April 16, 2001, which was beyond the time for filing a timely motion for rehearing, see Fla. R. Civ. P. 1.530(b), the husband moved to “vacate final judgment of dissolution of marriage in respect to Paragraph 8,” which referred to the $1,000 he owed on attorney’s fees. At most, this might be considered a motion for relief from the judgment pursuant to Florida Rule of Civil Procedure 1.540(b). However, the motion does not allege any ground upon which relief could be granted. Instead, the husband simply denies that he was in any way at fault for the failure to provide documents or attend mediation. The motion was denied on June 8, 2001, and this appeal followed.
While the husband continues to maintain in his brief that his failure to provide the financial information was not his fault and that he should not be liable for the $1,000, that issue should have been raised in a direct appeal of the final judgment of divorce within thirty days. It is too late to raise this issue after final judgment and after the time has expired for filing any motion for rehearing of that judgment. Having shown no ground listed in rule 1.540 for vacating the judgment, we affirm.
GUNTHER and GROSS, JJ., concur.